UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JESUS LUGO | ) | |
| | ) | |
| v. | ) | No. 3:07-0606 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket Nos. 1, 9), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 12), and the Petitioner has filed a Reply (Docket No. 13).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment, issued on July 9, 2003, with conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count One), and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). (Indictment (Docket No. 33 in Case No. 3:03-00132)). Named as Co-Defendants in the Indictment were David Madriz, Jorge R. Delgado, Jesus Lugo, Saul Cantu, and Cerbullo D. Valdez, Jr. Id. Petitioner was subsequently charged, on May 5, 2005, in a Superseding Information with conspiracy to possess

with intent to distribute cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count One), and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). (Superseding Information (Docket No. 123 in Case No. 3:03-00132)). Petitioner pled guilty to both counts on June 9, 2004 (Docket Nos. 137, 237 in Case No. 3:03:00132).

Petitioner subsequently moved to withdraw his guilty plea. (Docket Nos. 205, 233). After a hearing on December 17, 2005, the Court denied the Motion (Docket No. 218).

The Court subsequently sentenced the Petitioner to a total term of 240 months of imprisonment, 120 months on Count One, and 120 months on Count Two, to run consecutively to Count One and any state sentence. (Docket No. 238 in Case No. 3:03-00132).

The Petitioner appealed the Court's denial of his request to withdraw his guilty plea, and the Sixth Circuit affirmed. (Docket Nos. 256, 288; United States v. Bustos and Lugo, 186 Fed.Appx. 551, 2006 WL 1526089 (6th Cir. 2006)).

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his guilty plea was not made knowingly, intelligently and voluntarily; and because his trial counsel provided ineffective assistance during plea negotiations.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

2

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Voluntariness of Plea

First, the Petitioner contends that prior to the guilty plea hearing, his counsel led him to believe that he was pleading guilty to the drug charge and would receive a 17-year sentence.

Any questions about the terms of the Plea Agreement Petitioner allegedly had prior to the plea hearing were clearly and directly answered by the Court at the hearing. During the plea colloquy, the Court explained the nature of the charges set forth in the Superseding Information to which he was offering to plead guilty, and the Petitioner indicated that he understood them. (Transcript of June 9, 2004 Plea Hearing, at 8-11 (Docket No. 285 in Case No. 3:03-00132)(hereinafter "Plea Transcript")). He also answered in the affirmative when asked if he was satisfied with his lawyer. (Id.)

The Court explained the maximum possible punishment for the two charges, and explained that the sentence on Count Two would be "consecutive to any other penalty that's imposed. That's mandatory." (Id.) The Petitioner stated that he understood. (Id.) The Court then reiterated that "there is a mandatory minimum sentence on Count One of ten years and Count Two of ten years and Count Two has to be consecutive." (Id., at 11-12). The Petitioner stated that he understood. (Id.) The Court explained that the estimated guideline range would be lower than the mandatory minimum sentence, and therefore, "you're subject to a 20-year

4

sentence under the criminal sentencing guidelines." (Id., at 15). The Petitioner stated that he understood. (Id.)

The Court then went over the Plea Agreement in some detail, including another explanation that the Petitioner "faces a total of at least 20 years imprisonment on the two counts of the information." (Id., at 18). The Petitioner stated that he understood that provision, and the other terms of the Plea Agreement. (Id., at 18, 24).

The only issue raised by the Petitioner at the hearing related to his request that the federal sentence run concurrently with the state sentence. (Id., at 20). After taking a recess during which time the parties amended the Plea Agreement to state that the sentence for Count One would run concurrently to any state probation revocation sentence, the Court asked the Petitioner if he understood that provision and he answered affirmatively. (Id., at 32-33).

Petitioner has presented no evidence and has advanced no argument that indicates his guilty plea was not knowingly, intelligently and voluntarily made.

Both this Court and the Sixth Circuit have determined that there is no fair or just reason for Petitioner to be allowed to withdraw his guilty plea. In reaching its decision, the Sixth Circuit stated:

> Lugo's claims that he did not fully understand the terms of his plea agreement are contradicted by the record. A translator was present at the plea hearing, the plea agreement was provided in Spanish and English, and Lugo affirmed that he understood the agreement, understood the nature of the proceedings, and knew what he was doing. These facts alone counter his contention that, due to his lack of education and exposure to the federal system, he failed to understand what was happening.

United States v. Lugo, 186 Fed. Appx. at 555.

Petitioner's claim that his plea of guilty was not entered knowingly, intelligently and

5

voluntarily is without merit and is dismissed.

D. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that trial counsel was ineffective because counsel advised him to plead guilty to a charge he did not commit; failed to advise him of the consequences of accepting the Government's plea offer; and failed to consult with him regarding the Superseding Information and the Waiver of Indictment he signed.

6

Petitioner's claim that he pled guilty to a charge for which he was innocent based on counsel's advise is belied by the record, as set forth above, in which he stated to the Court under oath at the guilty plea hearing that he understood the nature of the charges in Counts One and Two, that he agreed to the statement of facts presented by the Government, and that he was offering to plead guilty because he was, in fact, guilty. (Plea Hearing Transcript, at 11, 33, 34). At no time did Petitioner state that he was innocent of the crimes charged. Petitioner's claim is without merit.

Petitioner's claim that he did not understand the consequences of accepting the plea offer is also belied by the record. The 20-year sentence Petitioner ultimately received was set forth in the Plea Agreement, which was provided to the Petitioner in Spanish and which he signed. (Id., at 24). As discussed above, the Court also repeatedly explained at the guilty plea hearing that the Plea Agreement contemplated a 20-year sentence. Petitioner's claim that he did not understand the consequences of his guilty plea is without merit.

Finally, there is no evidence supporting Petitioner's claim that he did not understand the waiver of indictment. The record indicates that the Petitioner appeared at a hearing on May 19, 2004 in front of the Magistrate Judge at which the Petitioner, through an interpreter, waived his right to indictment by the grand jury and agreed to proceed by information. (Docket No. 127 in Case No. 3:03-00132). The record also indicates that the Petitioner signed a Waiver of Indictment that contains a notation: "Read to Mr. Lugo in Spanish." (Docket No. 128 in Case No. 3:03-00132). Petitioner's claim that he did not understand his waiver of indictment is without merit.

None of the complaints raised by Petitioner demonstrate that counsel's representation

7

Case 3:07-cv-00606   Document 14   Filed 11/15/07   Page 7 of 8 PageID #: 122

was defective. Thus, the Court concludes that Petitioner's ineffective assistance claim is without merit and is dismissed.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                TODD J. CAMPBELL
                                                UNITED STATES DISTRICT JUDGE